UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTINA SMITH,<br><br>Defendant. | No. 1:20-cr-00253-ADA-BAM-2<br><br>ORDER DENYING IN PART AND GRANTING IN PART REQUEST TO SEAL DOCUMENTS<br><br>(ECF No. 81) |

Before the Court is the request of Defendant Christina Smith ("Defendant"), to file under seal her supplemental emergency motion for early release and related exhibits pursuant to Local Rule 141. (ECF No. 81.) Upon review of the motion and exhibits, the Court partially denies and partially grants the request for the reasons stated below.

**I.    Background**

On September 7, 2021, Defendant was sentenced in this action. (ECF No. 38.) On July 19, 2022, Defendant filed a pro se motion for compassionate release pursuant to the First Step Act and 18 U.S.C. § 3582(c)(1)(A). (ECF No. 60.) On January 27, 2023, Defendant withdrew her motion for compassionate release. (ECF No. 76.) On April 18, 2023, Defendant filed another pro se motion for compassionate release. (ECF No. 78.)

On August 26, 2022, the Court appointed counsel for Defendant. (ECF No. 66.) On April

1

21, 2023, the Court issued a briefing schedule for the motion for compassionate release filed on April 18, 2023. (ECF No. 79.) Therein, the Court directed Defendant's counsel to either file a supplement to Defendant's pro se motion or notify the Court and the government that he does not intend to file a supplement. (*Id*. at 2.) On June 21, 2023, Defendant filed a one-page notice of a request to seal her supplemental "Emergency Motion for Early Release and Exhibits A-G" alleging that the documents "contain sensitive and private medical information." (ECF No. 81.) Defendant emailed the Court and opposing counsel the motion and exhibits that she requests to seal.

## II.     Legal Standard

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). "[J]udicial records are public documents almost by definition, and the public is entitled to access by default." *Id*. at 1180. This "federal common law right of access" to court documents generally extends to "all information filed with the court." *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002). The federal common law right of access "creates a strong presumption in favor of access to judicial documents which can be overcome only by showing sufficiently important countervailing interests." *Id*. (citations and quotation marks omitted).

In deciding whether sufficient countervailing interests exist, the Court looks to the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets. *Id*. at 1213. "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Ambriz v. CVS Pharmacy, Inc.*, No. 119CV01391NONEBAM, 2020 WL 4368364, at *1 (E.D. Cal. July 30, 2020) (citing *Kamakana*, 447 F.3d at 1179).

## III.    Discussion

In her notice of request to seal documents, Defendant alleges that her "Emergency Motions for Early Release and Exhibits A-G" need to be filed under seal because they "contain sensitive

1  and private medical information." (ECF No. 81.) After review of the documents at issue, the Court
2  agrees with Defendant that the supplemental motion for early release titled "Emergency Motion for
3  Early Release Under 18 U.S.C. § 3582(c)(1)(A)(i) (Compassionate Release); Request for Expedited
4  Briefing and Decision" and Exhibit D titled "Torts Claim SF-95 DOC," contain sensitive and
5  private information. The Court also agrees that Exhibit G titled "BOP Fit Treatment Summary"
6  contains sensitive and private medical information. *See San Ramon Reg'l Med. Ctr., Inc. v.*
7  *Principal Life Ins. Co.*, No. C 10-02258 SBA, 2011 WL 89931, at *1 n.1 (N.D. Cal. Jan. 10, 2011)
8  (recognizing that the need to protect medical privacy has qualified as a "compelling reason" for
9  sealing records in connection with dispositive motions). For the reasons stated in Defendant's
10 request to seal, and because there is no practical way to redact the documents, the Court seals the
11 supplemental motion, Exhibit D, and Exhibit G until further notice by the Court.

12 As to Exhibit A titled "Darell Smith Indictment" and Exhibit F titled "Order in *United States*
13 *v. Chavira*, 3:18-CR-4216 CAB," the Court does not find a compelling reason to seal these exhibits
14 as they are already published to the public. *See Kamakana*, 447 F.3d at 1178. As such, the Court
15 denies Defendant's request to seal Exhibit A and Exhibit F.

16 As to Exhibit B titled "BOP Time Credit & Sentence Computation," Exhibit C titled "BOP
17 Discipline Hearing Officer Report," and Exhibit E titled "BOP Prison Progress Report," the Court
18 finds that it is unnecessary to seal the documents in their entirety. If there are portions that should
19 be sealed, the Court does not see them, and Defendant has failed to point them out. Defendant
20 merely makes a blanket request to seal the documents in their entirety. *See Oregonian Publ'g Co.*
21 *v. U.S. Dist. Ct. for the Dist. of Or.*, 920 F.2d 1462 (9th Cir. 1990) (finding that if redaction can
22 eliminate the need for sealing, the documents require redaction rather than sealing.); *see also* Local
23 Rule 140. Since Defendant has not justified her sealing request for these documents and the Court
24 does not see a need for sealing them, the Court denies Defendant's request to seal Exhibits B, C,
25 and E. *See Kamakana*, 447 F.3d at 1172 ("Simply invoking a blanket claim, such as privacy . . . or
26 law enforcement, will not, without more, suffice to exempt a document from the public's right of
27 access.").
28 ///

Accordingly, the Court finds that Defendant has identified a compelling interest to seal Exhibits D and G, but has failed to identify compelling interests to seal Exhibits A, B, C, E, and F.

As to the documents the Court denied to seal, they are treated as having been returned to Defendant so that she can decide how to proceed in light of this ruling. *See* generally Local Rule 141(e)(1) (stating that if the sealing "[r]equest is denied in full or in part, the Clerk will return to the submitting party the documents for which sealing has been denied.").

**IV.     Conclusion**

For the reasons stated above, it is hereby ORDERED that:

1. Defendant's request to seal documents, (ECF No. 81), is DENIED in part and GRANTED in part as follows:

    a. As to Defendant's supplemental emergency motion for early release, the request to seal is GRANTED;

    b. As to Defendant's Exhibit D, the request is GRANTED;

    c. As to Defendant's Exhibit G, the request is GRANTED;

    d. As to Defendant's Exhibits A, B, C, E, and F, the request is DENIED without prejudice; and

2. The documents to be sealed, shall be sealed until further notice by the Court.

IT IS SO ORDERED.

Dated:   June 30, 2023                                    _____
                                                                        UNITED STATES DISTRICT JUDGE