UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTINA SMITH,<br><br>Defendant. | No. 1:20-cr-00253-ADA-BAM-2<br><br>ORDER GRANTING MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582<br><br>(ECF No. 78) |

**I.**

**Procedural Background**

On June 1, 2021, Defendant Christina Smith pleaded guilty to one count of conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349 and one count of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). (ECF Nos. 25, 26.) The Court sentenced Ms. Smith to 60 months of imprisonment and 36 months of supervised release on September 7, 2021. (ECF No. 39.) She has now served over 50% of her sentence. (ECF No. 88 at 17.) On July 19, 2022, Ms. Smith filed her first motion for compassionate release pursuant to 18 U.S.C. § 3582 but withdrew it due to a change in her circumstances. (ECF Nos. 60, 76.) She filed a renewed motion for compassionate release on April 18, 2023. (ECF No. 78.) Court-appointed counsel filed a supplemental motion with accompanying exhibits on June 20, 2023. (ECF Nos. 83, 88.)[1] In her

---
[1] Defense Counsel provided the motion and accompanying papers by email to the Court and the Government on June

1

1  moving papers, Ms. Smith documents numerous instances of sexual assault and humiliation that
2  she endured at the hands of prison guards while incarcerated at FCI Dublin.  (ECF No. 88 at 5–9.)
3  The Government filed a statement of non-opposition on July 31, 2023.  (ECF No. 86.)

## II.

### Legal Standard

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'"  *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)).  Nevertheless, courts may grant a defendant compassionate release in "extraordinary cases."  *United States v. Amezcua*, 635 F. Supp. 3d 997, 1001 (E.D. Cal. 2022).  Specifically, the First Step Act ("FSA") of 2018 permits federal courts to grant a defendant's motion to reduce her sentence if, after considering the factors in 18 U.S.C. § 3553(a), they find that "extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A)(i).  The FSA also states that a sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission."  Since the enactment of the FSA, however, "the Sentencing Commission has not yet issued a policy statement 'applicable' to § 3582(c)(1)(A) motions filed by a defendant."  *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).  Therefore, while the Sentencing Commission's policy statement regarding "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)," located at U.S.S.G. § 1B1.13, "may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant," it is not binding.  *Id.*  "In the absence of an applicable policy statement from the Sentencing Commission, the determination of what constitutes extraordinary and compelling reasons for sentence reduction lies squarely within the district court's discretion."  *United States v. Chen*, 48 F.4th 1092, 1095 (9th Cir. 2022).  The defendant bears the burden of establishing the elements necessary for compassionate release under § 3582.  *See Amezcua*, 635 F. Supp. 3d at 1003.

///

---

20, 2023 along with a request to seal pursuant to Local Rule 141.  (*See* ECF No. 81.)  The Court granted the request in part, and, pursuant to that order, Defense Counsel filed Exhibits A, B, C, E, and F to the motion on the public docket.  (ECF No. 83.)  Due to an apparent oversight, Defense Counsel did not file the sealed motion and Exhibits D and G until August 23, 2023.  (ECF Nos. 88–90.)

# III.

## Discussion

**A.    Exhaustion of Administrative Remedies**

Prior to filing a § 3582 motion in federal court, a defendant must first request that the Director of the Bureau of Prisons bring such a motion on her behalf. 18 U.S.C. § 3582(c)(1)(A). Only when the Director declines to do so or fails to respond within thirty days, may the defendant pursue a remedy in the district court. *Id.*; *United States v. Keller*, 2 F.4th 1278, 1281–82 (9th Cir. 2021). Here, Ms. Smith asserts that the wardens of both FCI Dublin and FCI Danbury took no action on her requests for early release when she made them in 2022. (ECF No. 88 at 12.) The Government does not dispute this assertion. Therefore, because more than thirty days have elapsed since Ms. Smith asked the Bureau of Prisons to act on her behalf, she has exhausted her administrative remedies under § 3582(c)(1)(A).

**B.    Extraordinary and Compelling Reasons for Compassionate Release**

While the Government stops short of endorsing Ms. Smith's factual assertions regarding her abuse, it notes that her "allegations do not appear frivolous." (ECF No. 86 at 1.) Because of this, the Court need not recount the details of Ms. Smith's abuse at the hands of correctional officers. Ms. Smith also notes that the Sentencing Commission has promulgated a new policy statement, effective November 1, 2023, that explicitly lists a correctional officer's sexual abuse as an extraordinary and compelling reason justifying early release. *See* Sentencing Guidelines for United States Courts, 88 Fed. Reg. 28254, 28255 (May 3, 2023) (to be codified at U.S.S.G. § 1B1.13(b)(4)). Ms. Smith has sufficiently demonstrated extraordinary and compelling reasons for the Court to entertain her § 3582 motion.

**C.    Consideration of the 18 U.S.C. § 3553(a) Sentencing Factors**

Even if a defendant has demonstrated extraordinary and compelling reasons for early release, a court may grant a § 3582 motion only if doing so would be consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a). *Amezcua*, 635 F. Supp. 3d at 1015. In order to impose a sentence that is "sufficient but not greater than necessary," courts consider the following factors:

      (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

      (2) the need for the sentence imposed –

          (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

          (B) to afford adequate deterrence to criminal conduct;

          (C) to protect the public from further crimes of the defendant; and

          (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

      (3) the kinds of sentences available;

      (4) the kinds of sentence and the sentencing range established for [the applicable category of offense committed by the applicable category of defendant] . . .

      (5) any pertinent policy statement . . .

      (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

      (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). Ms. Smith discusses the first factor in some depth, describing her troubled childhood, her lifelong battle with mental illness, the non-violent nature of her crime, and her successful completion of numerous recovery and rehabilitation programs during her incarceration. (ECF No. 88 at 15–17.) She also notes that she presents a low risk of recidivism, has completed over 50% of her term of imprisonment, and has paid more than $1,000 towards her restitution. (*Id.* at 17.) The Government also points to Ms. Smith's "good behavior while incarcerated and the short amount of time left on her sentence" as factors that should weigh in favor of granting her motion. (ECF No. 86 at 1.)

    Ms. Smith's most compelling argument, however, is that her experience while incarcerated has exceeded any punishment that a court might consider just. (ECF No. 88 at 17–18.) The Court agrees. *See United States v. Brice*, No. 13-cr-206-2, 2022 WL 17721031, at *4

(E.D. Pa. Dec. 15, 2022) ("[F]ailing to take [the defendant's] sexual assault into account risks 'enhanc[ing], to a disproportionate degree, the level of punishment contemplated to be experienced by' [the defendant] as a sentence for her crimes."). Even referring to Ms. Smith's abuse as "punishment" misses the mark – such conduct serves no legitimate sentencing objective.

Considering the above – Ms. Smith's abuse, the amount of time she has already served, her efforts at rehabilitation, her history, and the nature of her offense – the Court finds that reducing Ms. Smith's sentence would be consistent with the § 3553(a) sentencing factors.

## IV.

## Conclusion

Ms. Smith has demonstrated extraordinary and compelling circumstances justifying the reduction of her sentence and release from imprisonment.

Accordingly,

1. Ms. Smith's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), (ECF Nos. 78, 88), is granted.

2. Ms. Smith's sentences on Counts 1 and 2 are reduced to time served.

3. Ms. Smith's previously imposed term of supervised release is imposed and shall remain in full force and effect. Therefore, upon Ms. Smith's release from imprisonment, she will be placed on supervised release for a term of 36 months on Count 1 and a term of 12 months on Count 2, to be served concurrently for a total term of 36 months. Upon her release from the custody of the Bureau of Prisons, Ms. Smith must report in person to the probation office in the district to which she is released.

4. While on supervised release, Ms. Smith must comply with all standard and special conditions of supervision, as detailed in her September 8, 2021 judgment. (ECF No. 39 at 4–5.)

///

///

///

5. Ms. Smith must make arrangements with her probation officer to pay the remainder of her court-ordered restitution as detailed in her September 8, 2021 judgment.  (ECF No. 39 at 6–8.)

IT IS SO ORDERED.

Dated:   August 24, 2023

_____
UNITED STATES DISTRICT JUDGE